IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRYAN A. SMITH, #02355741 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:23cv739 |
| DIRECTOR, TDCJ-CID | § § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Bryan A. Smith filed a motion to withdraw his 28 U.S.C. § 2254 petition and his motion for an extension of time to respond as to the timeliness of the petition. (Dkt. #16). Petitioner seeks to dismiss his petition without prejudice. (Dkt. #16). The Court construes his motion as a notice of voluntary dismissal.

Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a) that provides, in pertinent part, the petitioner "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (a party "has an absolute right to dismiss" his legal action under Rule 41(a) prior to the filing of an answer or motion for summary judgment). "Unless the notice … states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "The notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other action of the district court is required." *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam). Thus, once a party has moved to dismiss under Rule 41(a)(1)(A)(i), "the case [i]s effectively terminated," and "[t]he court has no power or discretion to deny [the party's] right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (citation omitted).

In the present case, no answer has been filed;[1] thus, Petitioner is entitled to the voluntary dismissal of the case without prejudice. Petitioner's case was dismissed the moment the notice was filed with the Clerk. Moreover, after a notice of voluntary dismissal is filed, the district court loses jurisdiction over the case. *In re Amerijet Int'l, Inc.*, 785 F.3d at 973.

Accordingly, it is **ORDERED** that Petitioner's construed notice of dismissal (Dkt. #16) is self-effectuating and terminates the case in and of itself, and the case is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). All motions by any party not previously ruled upon are **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 14th day of December, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, as of this date, Respondent has not been ordered to respond to the petition.